UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TIMOTHY MCCARTHY, Plaintiff, v. JIMMIE L. WILSON, et al., Defendants. | Case No. 19-cv-01274-JST **ORDER OF DISMISSAL** |

On March 8, 2019, Plaintiff, a California prisoner incarcerated at the California Correctional Training Facility and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that Alameda County District Attorney Nancy O'Malley and Alameda County Assistant District Attorney Jimmie Wilson violated his constitutional rights by engaging in prosecutorial misconduct at his criminal trial in 2012. Specifically, Plaintiff alleges that defendants committed fraud on the court when they conspired with a prosecution witness to present false testimony at the November 15, 2012 preliminary hearing. Plaintiff is currently in prison as a result of the 2012 conviction. Plaintiff has a habeas petition pending in this court challenging the conviction. *See McCarthy v. Koenig*, C No. 16-6820 HSG (PR).[1] He seeks money damages, the elimination of all fines and court fees, and that criminal complaints be brought against defendants.

This is not the first time that Plaintiff has brought these claims. In *McCarthy v. Wilson*, C No. 19-cv-0013 JST (PR), Plaintiff brought identical claims, though he requested slightly different relief, i.e., that the prosecution witness be charged in federal court for conspiracy to defraud the government, whereas here he asks that the prosecutors be criminally charged. *See McCarthy v.*

---

[1] Plaintiff's prosecutorial misconduct claim was dismissed from his habeas action as procedurally defaulted. *See* C No. 16-6820 at ECF No. 15. Plaintiff asserts that the judge in that case, Judge Haywood S. Gilliam, advised him that he could seek relief through a federal civil rights action. The Court has reviewed the orders in 16-cv-6820 and sees no such advisement.

2

*Wilson*, C No. 19-cv-0013 JST (PR) ("*McCarthy I*"), ECF No. 1 (Complaint) and ECF No. 8 (Order of Dismissal). The claims in *McCarthy I* were dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which holds that a plaintiff cannot receive damages in a suit under § 1983 for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

The present action must be dismissed for two reasons.

First, duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. As just noted, this case repeats a prior case almost verbatim.

Second, as explained in *McCarthy I*, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* If Plaintiff's claims that Defendants violated his constitutional rights by fabricating perjured testimony are proven true, this would imply the invalidity of his conviction. Plaintiff's conviction has yet to be invalidated. Until then, the claims are barred by *Heck*. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).

//
//
//
//
//

3

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED with prejudice as duplicative.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 22, 2019



JON S. TIGAR
United States District Judge